**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ABDULRAHMAN MOHAMMED HASSAN;**
2020 Darlington Court,
Shreveport, LA 71118,

Plaintiff,

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES;**
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009;

and

**U.S. DEPARTMENT OF HOMELAND SECURITY;**
2707 Martin Luther King Jr. Avenue, SE
Mail Stop 0485
Washington, DC 20528,

Defendants.

Case No.: 1:26-cv-3082

**NOTICE OF EMERGENCY EX PARTE APPLICATION AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**EXPEDITED CONSIDERATION REQUESTED — REMOVAL HEARING SET FOR SEPTEMBER 10, 2026**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Abdulrahman Mohammed Hassan, pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, hereby applies and moves, ex parte and on an emergency basis, for a temporary restraining order and an order to show cause why a preliminary injunction should not issue against Defendants U.S. Citizenship and Immigration Services ("USCIS") and U.S. Department of Homeland Security ("DHS"), compelling compliance with the Freedom of Information Act, 5 U.S.C. § 552, as to FOIA Control No. NRC2026232165, Plaintiff's June 4, 2026 request for the complete Alien File of his deceased father, Mohamed Mohamed Hassan. Plaintiff's individual removal hearing before the

Dallas Immigration Court is set for September 10, 2026, at 1:00 p.m. Central Time (Goldberg Decl. ¶ 2, Ex. B); the Immigration Judge has denied his motion to terminate the proceedings on his claim of United States citizenship; and September 8, 2026 is the last date before the hearing on which Plaintiff could present a passport application (Compl. ¶ 61). The withheld records are required for both.

By this Application, Plaintiff seeks an order:

(1) directing Defendants to complete any remaining search immediately and to produce to Plaintiff the complete Alien File of Mohamed Mohamed Hassan (born July 10, 1935; Certificate of Naturalization No. 8904026; Petition No. 297007; U.S. Passport No. 218944234), and all other records responsive to FOIA Control No. NRC2026232165, without redactions, by 12:00 noon Central Time on Friday, September 4, 2026 [or, if the Court's order issues after September 3, 2026, within twenty-four hours of entry of the order and in no event later than 9:00 a.m. Central Time on Tuesday, September 8, 2026];

(2) in the alternative as to any information Defendants contend is exempt, directing Defendants to produce all reasonably segregable non-exempt portions by the same deadline and to serve, within twenty-four hours of production, an index under *Vaughn v. Rosen* identifying each withholding, the exemption claimed, and a particularized justification, so that any dispute can be resolved — including by in camera review — before September 8, 2026;

(3) enjoining Defendants from relying on the July 13, 2026 administrative closure, and from requiring Plaintiff to file a new FOIA request, as a condition of processing or production;

(4) ordering Defendants to show cause why a preliminary injunction should not issue requiring their full and continued compliance with FOIA; and

(5) dispensing with security under Federal Rule of Civil Procedure 65(c).

The relief sought is encompassed within, and narrower than, the final relief demanded in the Complaint's Prayer for Relief, items (c) through (e). (Compl. at 17.)

This Application is made on the grounds that Defendants have violated every applicable FOIA deadline — no determination by July 6, 2026, or by July 20, 2026 under the extension USCIS invoked for itself, 5 U.S.C. § 552(a)(6)(A)–(B); no decision on the July 24, 2026 administrative appeal by August 21, 2026, 5 U.S.C. § 552(a)(6)(A)(ii); and no lawful ruling on eight requests for expedited processing, 5 U.S.C. § 552(a)(6)(E), 6 C.F.R. § 5.5(e) — that Defendants have produced no records and asserted no exemption, and that, without production by September 4, 2026, Plaintiff will be irreparably harmed at the September 8, 2026 passport appointment and the September 10, 2026 removal hearing. (Goldberg Decl. ¶ 2, Exs. B, H, K, M, N, P, S, W, Z, FF.) Plaintiff's administrative remedies are deemed exhausted. 5 U.S.C. § 552(a)(6)(C)(i).

The Application is based on this Notice and Application; the accompanying Memorandum of Points and Authorities; the Declaration of Julie A. Goldberg and Exhibits A through FF thereto, Exhibits A through EE having been filed with the Complaint at ECF No. 1-1; the Complaint; the [Proposed] Order filed concurrently; all matters of which the Court may take judicial notice; and such further evidence and argument as the Court may receive.

**NOTICE TO DEFENDANTS AND CERTIFICATE UNDER LCvR 65.1(a)**

Plaintiff has given Defendants notice of this Application. On August 6, 2026, counsel mailed to the Federal Programs Branch, Civil Division, U.S. Department of Justice, by certified

mail, return receipt requested, a letter dated August 5, 2026 giving notice of Plaintiff's intent to file this action and enclosing the supporting record. (Goldberg Decl. ¶ 3, Exs. AA, BB.) On September 2, 2026, at 4:27 p.m., after the Complaint was filed, counsel emailed the Complaint, the exhibit list, Exhibits A through EE, the civil cover sheet, and the proposed summonses, as filed, to Zachary Krizel, Christina O'Tousa, and Joshua S. Press, attorneys of the United States Department of Justice, advised them of this forthcoming Application and the relief it would seek, and asked whether the United States intends to oppose it. (Id. ¶ 4, Ex. FF.) No response has been received. (Id.) Concurrently with the filing of this Application, and before it is presented to the Court, counsel is transmitting this Application, the Memorandum of Points and Authorities, the Goldberg Declaration with its exhibits, and the [Proposed] Order to the same three attorneys by email, in the form in which they are being filed. (Goldberg Decl. ¶ 5.) Defendants have therefore been furnished with copies of all pleadings and papers filed in this action to date and to be presented to the Court. Counsel's certificate pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) and Local Civil Rule 65.1(a) is set forth at paragraph 6 of the Goldberg Declaration.

**STATEMENT PURSUANT TO LCvR 7(m)**

No attorney has entered an appearance for Defendants. By the September 2, 2026 email described above, counsel sought Defendants' position on the relief requested by asking whether the United States intends to oppose the requested temporary restraining order. (Goldberg Decl. ¶ 4, Ex. FF.) As of filing, no response has been received, and Plaintiff therefore treats the Application as opposed.

**REQUEST FOR EXPEDITED CONSIDERATION**

Because relief that arrives after September 8, 2026 cannot serve its purpose, Plaintiff respectfully requests that the Court consider this Application on an emergency basis and, should

the Court direct a response from Defendants before ruling, that the schedule preserve the September 4, 2026 production deadline requested above. A proposed order is filed concurrently.

Dated: September 2nd, 2026

Respectfully submitted,

*/s/ Julie A. Goldberg*
Julie A. Goldberg
3005 Oakwood Boulevard
Melvindale, Michigan 48122
Telephone: (818) 999-1559
Facsimile: (818) 999-1449
ecf@goldbergimmigration.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, I caused the foregoing Notice of Emergency Ex Parte Application and Application for a Temporary Restraining Order and Order to Show Cause, together with the Memorandum of Points and Authorities, the Declaration of Julie A. Goldberg with its exhibits, and the [Proposed] Order, to be served by email on Zachary Krizel (zachary.krizel@usdoj.gov), Christina O'Tousa (christina.otousa@usdoj.gov), and Joshua S. Press (joshua.press@usdoj.gov), attorneys of the United States Department of Justice, who were advised of this action and of this forthcoming Application on September 2, 2026, and who have not entered an appearance. Formal service of the Summons and Complaint upon the United States, its agencies, and its officers is being effected in the manner provided by Federal Rule of Civil Procedure 4(i).

*/s/ Julie A. Goldberg*
Julie A. Goldberg