**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABDULRAHMAN MOHAMMED HASSAN;**<br>2020 Darlington Court,<br>Shreveport, LA 71118,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES;**<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009;<br><br>and<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY;**<br>2707 Martin Luther King Jr. Avenue, SE<br>Mail Stop 0485<br>Washington, DC 20528,<br><br>Defendants. | Case No.: 1:26-cv-3082<br><br>**DECLARATION OF JULIE A. GOLDBERG IN SUPPORT OF PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>**EXPEDITED CONSIDERATION REQUESTED — REMOVAL HEARING SET FOR SEPTEMBER 10, 2026** |

I, Julie A. Goldberg, declare as follows:

1. I am an attorney admitted to practice in California (Bar No. 235565) and a member in good standing of the Bar of this Court. I am the principal of Goldberg & Associates PC and counsel of record for Plaintiff Abdulrahman Mohammed Hassan in this action and in his removal proceedings before the Dallas Immigration Court, A-Number 056-518-233. I make this declaration on personal knowledge and on my review of the file that my office created and maintained in the ordinary course of representing Plaintiff. The Freedom of Information Act request at issue was submitted in my name; the correspondence, appeal, and telephone calls reflected in the exhibits described below were made by me or by my staff at my direction and

under my supervision; and the call-log entries described below were recorded by my staff at or near the time of the calls in the ordinary course of my office's business. If called as a witness, I could and would testify competently to the matters stated in this declaration.

## I. THE EXHIBITS

2. Exhibits A through EE were filed with the Complaint on September 2, 2026, as ECF No. 1-1, and are incorporated in this declaration by reference; the page citations below are to that docket entry. Exhibits FF and GG are attached to this declaration. Each exhibit is a true and correct copy of a document that my office authored, sent, received, or obtained, and maintained in Plaintiff's file in the ordinary course of representing him:

**Exhibit A (ECF No. 1-1 at 4–7).** Notice of In-Person Hearing issued by the Dallas Immigration Court, dated May 7, 2026, setting Plaintiff's individual hearing for July 10, 2026, at 2:30 p.m. Central Time.

**Exhibit B (ECF No. 1-1 at 8–11).** Notice of In-Person Hearing issued by the Dallas Immigration Court, dated July 13, 2026, setting Plaintiff's individual hearing for September 10, 2026, at 1:00 p.m. Central Time, with the envelope in which it was mailed.

**Exhibit C (ECF No. 1-1 uat 12–24).** Records produced by the U.S. Department of State, Case No. F-2026-19367, in response to the request my office submitted on Plaintiff's behalf for records concerning Mohamed Mohamed Hassan, including the Social Security Administration earnings record for the years 1964 through 1990; the Department's table of exemptions, reflecting that five documents were excised in part under Exemption (b)(6) and that none was denied; and the father's sworn passport applications, one of which states that he immigrated to the United

States in 1964, was naturalized at Detroit, Michigan, and resided continuously in the United States from 1964 to 1968, from 1969 to 1972, and from 1974 to 1977.

**Exhibit D (ECF No. 1-1 at 25–27).** The father's United States passport, No. 218944234, issued August 9, 2006, and his Certificate of Naturalization, No. 8904026 (Petition No. 297007).

**Exhibit E (ECF No. 1-1 at 28–31).** The father's death certificate, registered November 7, 2013, with the Civil Status Department in Taiz, Republic of Yemen, with a complete English translation certified by Nizar for Translation & General Services and authenticated by the Republic of Yemen Civil Status & Civil Registration Authority and the Ministry of Foreign Affairs – Taiz Office.

**Exhibit F (ECF No. 1-1 at 32–35).** Plaintiff's birth certificate, with a complete English translation certified by Nizar for Translation & General Services and authenticated by the Republic of Yemen Civil Status & Civil Registration Authority and the Ministry of Foreign Affairs – Taiz Office.

**Exhibit G (ECF No. 1-1 at 36–38).** Plaintiff's Louisiana driver's license.

**Exhibit H (ECF No. 1-1 at 39–61).** The June 4, 2026 FOIA request and USCIS's acknowledgment of it, consisting of: (i) the USCIS National Records Center letter dated June 11, 2026, acknowledging receipt of the request on June 4, 2026, assigning Control No. NRC2026232165, placing the request in the "complex track," and stating that "USCIS will invoke a 10 business day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B)"; (ii) the FIRST portal submission confirmation, Tracking No. NRC2026348163REQ, dated June 4, 2026; (iii) the request as submitted, which identifies the subject of record by full name, country

and date of birth, passport number, Certificate of Naturalization number, and petition number, identifies Plaintiff as the subject's child, and requests "any and ALL records pertaining to my Deceased father, Mohamed Mohamed Hassan"; and (iv) the nine documents uploaded with the request, including the father's Certificate of Naturalization and passport, the death certificate and Plaintiff's birth certificate with their certified English translations and authentication pages, Plaintiff's driver's license and signed declaration, Form G-28, and Forms DS-4240 and DS-4240-R.

**Exhibit I (ECF No. 1-1 at 62–63).** My office's contemporaneous call-log entry dated June 10, 2026 (40 minutes), recording a call to the USCIS Contact Center with Plaintiff on the line, in which the USCIS representative stated that the Contact Center cannot access FOIA requests, which are handled by the National Records Center; that FOIA inquiries must be submitted by email; that current processing times were "approximately 217 days"; that she was not aware of any way to expedite the request through the Contact Center; and that no direct telephone contact for the National Records Center was available.

**Exhibit J (ECF No. 1-1 at 64–65).** Email of June 10, 2026, 3:03 p.m., from my office to USCIS at FOIAPAQuestions@uscis.dhs.gov, requesting an immediate status update and expedited processing on the ground of Plaintiff's upcoming immigration court hearing, identified in the email as scheduled for June 27, 2026, and attaching the hearing notice.

**Exhibit K (ECF No. 1-1 at 66–67).** Email of June 12, 2026, 11:15 a.m., from USCIS denying expedited processing on a form reciting four grounds — the third

rendered as "The loss of substantial due process rights; (job, travel, real ID, school, and/or petition deadlines are not covered)" — followed by the sentence: "Your request does not establish one of the above situations."

**Exhibit L (ECF No. 1-1 at 68–69).** Email of June 12, 2026, 1:12 p.m., from my office to USCIS requesting reconsideration on the ground that Plaintiff, who is in active removal proceedings, "faces a substantial loss of due process rights."

**Exhibit M (ECF No. 1-1 at 70–71).** Email of June 15, 2026, 6:29 a.m., from USCIS stating: "Unfortunately, we are only able to move forward the subject of record's file. As this file does not belong to your client, we are not able to move it forward based on court dates."

**Exhibit N (ECF No. 1-1 at 72–74).** USCIS National Records Center letter dated July 13, 2026, stating that USCIS was "administratively closing" the request because "[s]ome or all of the required information that you submitted was: • Illegible or • In a foreign language and not accompanied by a certified English translation," and stating: "Your case has been closed with no further action taken."

**Exhibit O (ECF No. 1-1 at 75–77).** Email of July 24, 2026, 6:10 p.m., from my office to USCIS advising that Appeal No. APP2026029027REQ had been filed, explaining that the Arabic death and birth certificates had been submitted with complete English translations certified by Nizar for Translation & General Services and authenticated by the Yemeni authorities, advising that Plaintiff's hearing had been continued to September 10, 2026, and requesting prompt review of the appeal, reopening of the request, and expedited processing.

**Exhibit P (ECF No. 1-1 at 78–79).** Email of July 29, 2026, 7:31 a.m., from USCIS stating: "I have reviewed the supporting documents we received on your request. The scans were not clear. To obtain a copy of your records, please submit a new FOIA request," and offering: "If you would like to submit the supporting documents to this email after you make a new request, we can have the PDF files scanned to your case."

**Exhibit Q (ECF No. 1-1 at 80–81).** My office's contemporaneous log entry dated August 3, 2026 (35 minutes), recording my office's telephone calls to USCIS that day, in which my staff remained on hold for approximately one hour, my own call with a USCIS representative was disconnected, the representative stated that USCIS cannot review FOIA requests or supporting documents by telephone, and no supervisor was made available.

**Exhibit R (ECF No. 1-1 at 82–84).** Email of August 5, 2026, 2:38 p.m., from my office to USCIS requesting supervisory review, formally requesting expedited processing under 6 C.F.R. § 5.5(e)(1)(iii), invoking the ten-calendar-day determination requirement of 6 C.F.R. § 5.5(e)(4), citing the September 10, 2026 removal hearing, and advising that suit would be filed if the records were not released within seven days.

**Exhibit S (ECF No. 1-1 at 85–86).** Email of August 17, 2026, 6:33 a.m., from USCIS stating: "USCIS has received a large influx of requests in recent months delaying response times. We process requests on a first in first out basis."

**Exhibit T (ECF No. 1-1 at 87–89).** Email of August 17, 2026, 9:52 a.m., from my office to USCIS renewing the August 5, 2026 request.

**Exhibit U (ECF No. 1-1 at 90–92).** Email of August 20, 2026, 4:24 p.m., from my office to USCIS (at its USCIS.FOIA, FOIAPAQuestions, and FOIA addresses) and to the Office of Government Information Services ("OGIS"), formally requesting expedited processing under 6 C.F.R. § 5.5(e)(1)(iii), containing the certification required by 6 C.F.R. § 5.5(e)(3), and attaching the September 10, 2026 hearing notice, the death and birth certificates with certified English translations and authentication pages, and the administrative appeal.

**Exhibit V (ECF No. 1-1 at 93–95).** Email of August 25, 2026, 10:29 a.m., from my office to USCIS renewing the August 20, 2026 request.

**Exhibit W (ECF No. 1-1 at 96–97).** Email of August 26, 2026, 12:32 p.m., from USCIS denying expedited processing in the same form as Exhibit K, reciting the same four grounds, including the same parenthetical, and ending with the same sentence: "Your request does not establish one of the above situations."

**Exhibit X (ECF No. 1-1 at 98–99).** Email of August 27, 2026, 10:25 a.m., from my office to USCIS requesting reconsideration and explaining that the father's records "are directly material to counsel's ability to evaluate and present Abdulrahman's citizenship and other available claims, including evidence concerning his father's immigration history and physical presence."

**Exhibit Y (ECF No. 1-1 at 100–103).** Two emails of August 27, 2026, from my office to USCIS, sent at 11:37 a.m. on the existing email thread and at 11:40 a.m. on a new thread, requesting reconsideration of the August 26, 2026 denial, noting that the denial "did not explain why the ground we specifically invoked — loss of substantial due process rights under 6 C.F.R. § 5.5(e)(1)(iii) — was not met,"

citing Castillo Gomez v. USCIS, No. 26-cv-06134 (N.D. Cal. June 21, 2026), containing the certification required by 6 C.F.R. § 5.5(e)(3), and stating: "A record delivered too late to review is no different than no record at all."

**Exhibit Z (ECF No. 1-1 at 104–107).** USCIS FIRST portal records confirming submission of Appeal No. APP2026029027REQ on July 24, 2026, including the appeal statement and the confirmation that the death and birth certificates with their certified English translations and authentication pages were uploaded with the appeal.

**Exhibit AA (ECF No. 1-1 at 108–142).** My office's letter dated August 5, 2026, addressed to the Federal Programs Branch, Civil Division, U.S. Department of Justice, giving notice of intent to file this action and enclosing the September 10, 2026 hearing notice, the USCIS acknowledgment, the administrative-closure letter, the appeal confirmation, USCIS's July 29, 2026 email, the August 5, 2026 request to USCIS, and the birth and death certificates with certified English translations and authentication pages, together with the certified-mail and return-receipt forms and the Priority Mail label dated August 6, 2026.

**Exhibit BB (ECF No. 1-1 at 143–144).** The USPS Certified Mail receipt for the mailing described in Exhibit AA, reflecting outbound tracking number 9402 7111 0549 5839 9078 60 and return-receipt tracking number 9490 9111 0549 6839 9078 21, addressed to the Federal Programs Branch, U.S. Department of Justice, 20 Massachusetts Avenue NW, Washington, DC.

**Exhibit CC (ECF No. 1-1 at 145–148).** Email of August 21, 2026, 10:15 a.m., from my office to OGIS requesting assistance with the request and the appeal, citing the September 10, 2026 removal hearing, with attachments.

**Exhibit DD (ECF No. 1-1 at 149–150).** OGIS's automated response of August 21, 2026, 10:18 a.m.

**Exhibit EE (ECF No. 1-1 at 151–152).** My office's contemporaneous log entries dated August 21, 2026, recording the OGIS email (30 minutes) and a call to OGIS (10 minutes) in which a recorded message stated that OGIS cannot provide substantive assistance by telephone and that requests for mediation assistance must be sent by email.

**Exhibit FF (attached).** Email of September 2, 2026, 4:27 p.m., from my office to attorneys of the United States Department of Justice, captioned "LCvR 65.1 Notice – Hassan v. USCIS – Emergency TRO Application Regarding FOIA Lawsuit," attaching the Complaint and exhibits as filed.

## II. NOTICE TO DEFENDANTS

3. On August 6, 2026, my office mailed to the Federal Programs Branch, Civil Division, U.S. Department of Justice, by certified mail, return receipt requested, the letter dated August 5, 2026 giving notice of Plaintiff's intent to file this action, together with the September 10, 2026 hearing notice, the USCIS acknowledgment, the administrative-closure letter, the appeal confirmation, USCIS's July 29, 2026 email, the August 5, 2026 request to USCIS, and the birth and death certificates with their certified translations and authentication pages. (Exs. AA, BB.) My office has received no response to that letter.

4. On September 2, 2026, at 4:27 p.m., after the Complaint was filed, my office sent an email captioned "LCvR 65.1 Notice – Hassan v. USCIS – Emergency TRO Application Regarding FOIA Lawsuit" to Zachary Krizel, Christina O'Tousa, and Joshua S. Press, attorneys of the United States Department of Justice, at their usdoj.gov email addresses. The email attached the Complaint, the exhibit list, Exhibits A through EE, the civil cover sheet, and the proposed summonses as filed; advised that Plaintiff would apply ex parte for a temporary restraining order compelling compliance with FOIA; identified the FOIA control number and the appeal number; explained that the records are needed for the September 10, 2026 hearing; stated that Plaintiff remains willing to resolve the matter without emergency litigation if USCIS promptly produces the records with sufficient time for counsel to review and use them before the hearing; and asked whether the United States intends to oppose the requested temporary restraining order. (Ex. FF.) As of the date of this declaration, no response has been received.

5. Advance notice to the Clerk of this forthcoming Application under Local Civil Rule 65.1(b) was not given during regular business hours. USCIS issued its most recent denial of expedited processing on August 26, 2026, and my office sought reconsideration on August 27, 2026. Plaintiff filed the Complaint on September 2, 2026, and gave notice of this Application to attorneys of the Department of Justice that afternoon. This Application was prepared and presented as soon as practicable thereafter, and the compressed schedule, a passport appointment on September 8 and a removal hearing on September 10, 2026, did not permit notice to the Clerk before the close of business.

## III. CERTIFICATION

6. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) and Local Civil Rule 65.1(a), I certify that paragraphs 3 through 5 above set forth the efforts made to give Defendants actual

notice of the time of making this Application and to furnish them with copies of the pleadings and papers filed in this action and to be presented to the Court, and that Plaintiff seeks relief on the shortest schedule the Court will permit because relief that arrives after September 8, 2026 cannot serve its purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 2nd, 2026, at 8:10 p.m..

*/s/ Julie A. Goldberg*
Julie A. Goldberg
3005 Oakwood Boulevard
Melvindale, Michigan 48122
Telephone: (818) 999-1559
Facsimile: (818) 999-1449
ecf@goldbergimmigration.com
*Counsel for Plaintiff*