**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABDULRAHMAN MOHAMMED HASSAN;**<br>2020 Darlington Court,<br>Shreveport, LA 71118,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. CITIZENSHIP AND IMMIGRATION SERVICES;**<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009;<br><br>and<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY;**<br>2707 Martin Luther King Jr. Avenue, SE<br>Mail Stop 0485<br>Washington, DC 20528,<br><br>Defendants. | Case No.: 1:26-cv-3082<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Upon consideration of Plaintiff's Emergency Ex Parte Application for a Temporary Restraining Order and Order to Show Cause, the Memorandum of Points and Authorities, the Declaration of Julie A. Goldberg and Exhibits A through FF thereto, the Complaint, and the entire record, and it appearing that Defendants were given notice of the Application and furnished copies of the papers filed in this action (Goldberg Decl. ¶¶ 3–6; LCvR 65.1(a)), the Court finds that Plaintiff has shown clearly that he is entitled to relief and, independently, that extreme or very serious damage would result absent relief. Defendants received Plaintiff's FOIA request for his deceased father's Alien File on June 4, 2026, with proof of death and certified English translations; made no determination within the time limits of 5 U.S.C. §

552(a)(6)(A)–(B); did not decide the July 24, 2026 administrative appeal within the time limit of § 552(a)(6)(A)(ii); denied expedited processing without addressing 6 C.F.R. § 5.5(e)(1)(iii); and have produced no records and asserted no exemption. Plaintiff's administrative remedies are deemed exhausted, 5 U.S.C. § 552(a)(6)(C)(i), and the records are needed for his removal hearing on September 10, 2026, after which they cannot serve their purpose. Plaintiff has demonstrated a likelihood of success on the merits, irreparable harm, and that the balance of equities and the public interest, which merge where the Government is the opposing party, favor relief. Good cause appearing, it is hereby ORDERED that:

1. Defendants shall complete any remaining search immediately and shall produce to Plaintiff's counsel, by electronic delivery, the complete Alien File of Mohamed Mohamed Hassan (born July 10, 1935; Certificate of Naturalization No. 8904026; Petition No. 297007; U.S. Passport No. 218944234), together with all other records responsive to FOIA Control No. NRC2026232165, no later than 12:00 noon Central Time on Friday, September 4, 2026. If this Order is entered after 5:00 p.m. Eastern Time on Thursday, September 3, 2026, production shall be made within twenty-four (24) hours after entry, weekends and holidays notwithstanding, and in no event later than 9:00 a.m. Central Time on Tuesday, September 8, 2026.

2. Defendants shall not withhold or redact, under 5 U.S.C. § 552(b)(6) or (b)(7)(C), any information pertaining to Mohamed Mohamed Hassan, who is deceased, or to Plaintiff, who is the requester. If Defendants contend that any other information is exempt, they shall nonetheless produce all reasonably segregable non-exempt portions by the deadline in Paragraph 1 and shall serve with the production an index under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), identifying each withholding, the exemption claimed, and the

justification. Any dispute over a withholding shall be presented to the Court forthwith and may be resolved on an expedited basis, including by in camera review.

3. Defendants are enjoined from relying on the July 13, 2026 administrative closure of the request, and from requiring Plaintiff to submit a new FOIA request, as a condition of processing or production.
4. Defendants are ORDERED TO SHOW CAUSE why a preliminary injunction should not issue requiring their full and continued compliance with FOIA as to FOIA Control No. NRC2026232165 and Appeal No. APP2026029027REQ. Defendants' written response is due by September 3, 2026. Any reply shall be filed by September 4, 2026 by Noon.
5. Considering the minimal risk of harm to Defendants, no security is required under Federal Rule of Civil Procedure 65(c).
6. Plaintiff shall serve a copy of this Order on counsel for Defendants by email forthwith and on Defendants, the United States Attorney for the District of Columbia, and the Attorney General in the manner provided by Federal Rule of Civil Procedure 4(i), and shall file proof of service. This Order expires fourteen (14) days after entry unless extended by the Court for good cause or by consent. Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

Entered this ____ day of September, 2026.

__________________________________

United States District Judge