Goldberg & Associates

September 7, 2026

**VIA ECF**
The Honorable Reggie B. Walton
United States District Judge
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: *Hassan v. U.S. Citizenship & Immigration Services, et al.*, No. 1:26-cv-03082 (RBW) — Plaintiff's Status Letter in Advance of the September 8, 2026 Continuation Hearing**

Dear Judge Walton:

Plaintiff submits this status letter pursuant to the Court's September 4, 2026 Order (ECF No. 7). On September 5, 2026, over the Labor Day weekend, three days ahead of the Court's deadline, USCIS released the records responsive to FOIA Control No. NRC2026232165: 169 pages, of which 26 were released in full, 133 in part, and 10 withheld in full under Exemptions (b)(6), (b)(7)(C), and (b)(7)(F). Plaintiff sincerely thanks Assistant United States Attorney Kristen Rees and the agency personnel who worked through a holiday weekend to make that happen.

The difficulty is what the redactions removed. This request was filed for one purpose: to document where and when Plaintiff's deceased father lived in the United States — the fact that decides Plaintiff's citizenship at birth under former INA § 301(g), 8 U.S.C. § 1401(g) (1982), ahead of his September 10, 2026 removal hearing. Across thirty-nine partially released pages, the entries removed are the residence entries: the "Residence Last Five Years" tables on all four copies of the father's Form G-325A and on his Form G-325; "I live at" and "My present place of residence" on his naturalization applications, sworn statements, and the Petition granted November 17, 1970; and his address on agency notices and questionnaires from 1967 through 1979. Ten pages were withheld in full: Prod. 100 and 102, which fall among the records of the father's 1975–77 visa petitions (Prod. 88–115); Prod. 133 and 134, which immediately follow the agency's 1964 handwritten notes on his residence (Prod. 131–132); and Prod. 155–160, which follow his immigrant-visa application (Prod. 143). Throughout this production the agency released every field of the same kinds of forms except the residence entries. Its assertion that these ten pages contain "no reasonably segregable portion" of non-exempt

Goldberg & Associates

information is not credible for records of that kind, and Plaintiff asks that they be released or lodged for in camera review. Decl. ¶ 7(f).

In more than twenty years of practice and more than five hundred FOIA requests for the A-Files of deceased parents — each filed with proof of death to establish a child's derivative citizenship — USCIS has never before redacted the decedent's residential history. Five sample productions, spanning forms from 1952 through a release dated October 8, 2024, are attached as Exhibits B–F; each releases the residence history in full. The Department of State released this same decedent's residence information from his own passport applications. Decl. ¶¶ 11–18.

The claimed exemptions do not reach this material. Exemptions (b)(7)(C) and (b)(7)(F) apply only to "records or information compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7), a threshold every agency must satisfy before invoking any subpart of Exemption 7. *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982). A mixed-function agency's claim of law-enforcement purpose is scrutinized "with some skepticism," *id.* at 418; the agency must identify "a particular individual or a particular incident as the object of its investigation and the connection between that individual or incident and a possible security risk or violation of federal law," *id.* at 420; and the inquiry is record-by-record, because "the location of a non-exempt document in an investigatory file does not necessarily make that document exempt," *id.* at 422. The records at issue are a naturalization petition, the biographic forms filed with it, and routine agency notices; the final action letter identifies no investigation and no possible violation of law. Exemption (b)(7)(F) further requires that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." Exemption (b)(6) permits withholding only where disclosure "would constitute a clearly unwarranted invasion of personal privacy," and the privacy interest "may be diminished where the individual is deceased"; "[t]he fact of death ... is a relevant factor to be taken into account in the balancing decision whether to release information." *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (quoting *Schrecker v. U.S. Dep't of Justice*, 254 F.3d 162, 166 (D.C. Cir. 2001)). There is no life-status question here: Defendants have held the decedent's death certificate since the request was filed, and the Department's own regulation provides that a requester "may receive greater access" to third-party records "by submitting proof that the individual is deceased (e.g., a copy of a death certificate or an obituary)." 6 C.F.R. § 5.3(a)(4). The statute independently requires release of "[a]ny reasonably segregable portion" of each record, 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977), places the burden of sustaining a withholding on the agency, 5 U.S.C. § 552(a)(4)(B), and permits withholding "only if the agency reasonably foresees that

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**NEW YORK**
2403 2nd Avenue
New York, New York 10035
Tel. 718.432.1022

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House

Goldberg & Associates

disclosure would harm an interest protected by an exemption," *id.* § 552(a)(8)(A)(i)(I). The final action letter names no living person whose privacy the redaction of the decedent's own residence would invade and no harm the agency foresees. What privacy interest survives in the forty-seven- to sixty-three-year-old addresses of a man who died in 2013? Whose life or physical safety could they endanger?

Plaintiff therefore renews the request set out in the Declaration: that Defendants be directed, by 12:00 p.m. Eastern Time on September 8, 2026, or such other time as the Court sets in advance of the September 10 hearing, (a) to reissue the thirty-nine pages identified in Exhibits G and H without redaction of the decedent's residence and address information; (b) to release the ten pages withheld in full, Prod. 100, 102, 133, 134, and 155–160, or lodge them with the Court for in camera review; and (c) for any redaction that remains, to identify on the record the living person whose interest it protects and the harm the agency foresees from its disclosure. Decl. ¶ 20. Plaintiff further requests (d) that the Court direct Defendants, through counsel, to request that the Department of State reschedule Plaintiff's passport appointment from September 8, 2026, at 10:00 a.m. Eastern Time to September 9, 2026, before 11:00 a.m. Eastern Time, so that the reissued records may be presented at that appointment before the September 10 hearing.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ Julie A. Goldberg*
Julie A. Goldberg
*Counsel for Plaintiff*

cc:Kristen Rees, Assistant United States Attorney, Kristen.Rees@usdoj.gov (via ECF)
*Attorney for Defendants*

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**NEW YORK**
2403 2nd Avenue
New York, New York 10035
Tel. 718.432.1022

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House